# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Maureen Elizabeth Glenn, | ) |
|               Plaintiff, | ) Civil Action No. 2:18-00231-TMC ) ) |
| v. | ) ORDER ) |
| Andrew M. Saul, Commissioner of Social Security, | ) ) ) |
|               Defendant. | ) ) |

Plaintiff, Maureen Elizabeth Glenn ("Glenn"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner")[1], denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 24).[2] Glenn has filed objections to the Report (ECF No. 27), and the Commissioner has responded to those objections (ECF No. 28). Accordingly, this matter is now ripe for review.

**I. Background**

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill, who was the Acting Commissioner of Social Security when this action was filed.

[2] A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

On May 1, 2014, Glenn applied for DIB and SSI, alleging that she has been unable to work since March 11, 2014. (ECF No. 11-2 at 14). Her claim was denied initially on August 12, 2014, and upon reconsideration on December 10, 2014. *Id*. On December 7, 2016, an Administrative Law Judge ("ALJ") conducted a hearing and received testimony from Glenn and vocational expert Carroll H. Crawford. *Id*. On March 15, 2017, the ALJ denied Glenn's claim for benefits. *Id*. at 28.

In his decision, the ALJ found that Glenn suffered from lupus and arthralgias, which he determined to be severe impairments. *Id*. at 16. The ALJ determined that Glenn's impairments to her mental functioning were not severe and produced only mild limitations. *Id.* at 19-20. Likewise, the ALJ found that Glenn's other alleged impairments, including overactive bladder, gastroesophageal reflux disease, diabetes, pneumonia, vision problems, obesity, insomnia, and fibromyalgia, were not severe. *Id.* at 22. The ALJ concluded that Glenn did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 20. The ALJ then assessed Glenn's residual functional capacity ("RFC") and concluded she could perform light, unskilled work as defined by as defined in 20 C.F.R. § 404.1567(b), limited as follows:

> The claimant is limited to lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently. The claimant can sit and/or stand/walk for up to 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes or scaffolds. She can frequently balance and occasionally climb, stoop, kneel crouch or crawl. . . .

*Id*. at 21.

Because of these limitations, the ALJ found that Glenn is unable to perform her past relevant work as a forklift operator, which involved medium, semi-skilled work. *Id*. at 26. Nonetheless, the ALJ concluded that, based on Glenn's age, education, work experience and RFC, "there are jobs that exist in the national economy that the claimant can perform," such as stock

checker, price marker, and sales attendant. *Id*. at 27. Thus, the ALJ ruled that Glenn was not disabled within the meaning of the SSA between March 11, 2014, and May 25, 2017, the date of the ALJ's decision. *Id.* at 28. The Appeals Council subsequently denied Glenn's request for review, making the ALJ's decision the final decision of the Commissioner. *Id*. at 2.

On January 29, 2018, Glenn filed this action seeking judicial review of the Commissioner's decision. (ECF No. 1). On April 24, 2019, the magistrate judge issued the Report recommending that the court affirm the Commissioner's decision. (ECF No. 24). Glenn filed objections to the Report, raising two specific grounds: (1) that the magistrate judge erred in adopting the ALJ's determination that Glenn can perform limited light, unskilled work where the ALJ failed to consider the combination of Glenn's severe and non-severe impairments; and (2) that the magistrate judge erroneously concluded that substantial evidence supported the ALJ's final determination at step five that Glenn could perform unskilled light work. (ECF No. 27 at 5, 8). In response, the Commissioner contended that Glenn's objections merely raised arguments already considered and rejected by the magistrate judge. (ECF No. 28).

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may

not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In her first objection, Glenn argues that the magistrate judge erroneously concluded that the ALJ properly considered Glenn's severe and non-severe impairments in combination before determining that Glenn has an RFC allowing her to perform limited light, unskilled work. (EFC No. 27 at 5). As an initial matter, the court notes that Glenn presented an identical argument to the magistrate judge. (ECF No. 17 at 24). In fact, Glenn cut-and-pasted a significant portion of this objection from her initial brief to the magistrate judge. *Compare* (ECF No. 27 at 6-8) *with* (ECF No. 17 at 26, 28-29). As district courts in the Fourth Circuit have repeatedly stated, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). A district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to

present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).

Furthermore, the court agrees with the magistrate judge's lengthy and thorough analysis concluding the ALJ properly considered the combined effect of both Glenn's severe and non-severe impairments. (ECF No. 24 at 7-12). As the magistrate judge recognized, "the [ALJ] must consider the combined effect of a claimant's impairments and not fragmentize them," and "[t]he [ALJ] must adequately explain his or her evaluation of the combined effects of the impairments." *Walker v. Brown*, 889 F.2d 47, 50 (4th Cir. 1989). The ALJ is not obliged, however, to "specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (internal quotation marks omitted), so long as it is clear that "[the ALJ] considered [the claimant's] medical condition as a whole," *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted). The magistrate judge found that the ALJ considered all of Glenn's alleged impairments in detail throughout his sequential five-step analysis. Specifically, the magistrate judge noted as follows: that at Step Two, the ALJ recognized his duty to determine whether an impairment *or combination* of impairments is "severe" or "not severe," and then summarized the pertinent medical evidence in connection with all of Glenn's alleged impairments, (ECF No. 24 at 8); that at Step Three, the ALJ considered whether Glenn's impairments "singly and in combination met or equaled any of the listed impairments in the regulations," *id*.; and that at Step Four, "the ALJ expressly stated . . . that he considered 'all symptoms' and 'the entire record' when assessing [Glenn's] RFC," *id*. at 9. As the magistrate judge concluded, "while the ALJ may not have expressly stated that he considered every impairment in combination, his decision makes clear that the ALJ did, in fact, consider Plaintiff's impairments in combination." *Id*. at 11. *See Robinson v. Astrue*, Civil Action No. 2:10-185-DCN,

2011 WL 4368396, at *5 (D.S.C. Sept. 19, 2011) (concluding that "[t]he structure of the ALJ's analysis of plaintiff's conditions indicates that the ALJ did, in fact, consider the conditions in combination" where the ALJ "separately considered" each of the alleged impairments—both severe and non-severe—in detail). Accordingly, the court agrees that Glenn has not established any error with respect to the ALJ's analysis of the impairments at issue and, therefore, overrules this objection.[3]

In her second objection to the Report, Glenn argues that the magistrate judge erroneously concluded that substantial evidence supported the ALJ's step five determination that Glenn would be able to perform jobs requiring light, unskilled work that exist in significant numbers in the national economy. (ECF No. 27 at 8). First, Glenn argues that the ALJ improperly ignored the opinion of Dr. Naveen Bethi, the treating internist, set forth in her September 9, 2016, examination notes, "that Plaintiff was unable to work due to her exertional and non-exertional limitations." *Id*. at 9.[4] Glenn unsuccessfully presented this same argument to the magistrate judge, who noted that Dr. Bethi's comments reflected no such opinion and merely recorded Glenn's subjective complaints. (ECF No. 24 at 12). Furthermore, the magistrate judge correctly noted that, to the extent such an opinion could be implied from a September 1, 2015, letter to Dr. Bethi from

---

[3] Glenn also argues that "the ALJ's finding that [her] obesity is a non-severe impairment is unbelievable," although she does not specifically delineate this argument as an objection to the Report. (ECF No. 27 at 6). To the extent that she objects specifically on this basis, the magistrate judge rejected this argument and noted that the ALJ considered the effect of obesity in detail in light of the record. *Id*. at 9. In her objections, Glenn simply highlights contrary evidence to show that the ALJ erred in concluding that her obesity is not a severe impairment. The magistrate judge properly rejected this argument, explaining that "Plaintiff is essentially asking the Court to reweigh the evidence with respect to these impairments, which is not within the province of this Court." *Id*. at 11 (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)).

[4] Glenn identifies the treatment notes in question as Dr. Bethi's notes from September 9, 2016. However, in quoting from Dr. Bethi's notes and citing to page 584 of the administrative transcript, it is apparent that Glenn is referring to progress notes from September 16, 2016, as noted by the magistrate judge in her Report. (ECF Nos. 24 at 12; 11-12 at 7).

Plaintiff's disability insurance carrier seeking 'clarification regarding [Plaintiff's] work capacity,' the ALJ's failure to consider it would be harmless error. *Id*. at 13 n.2.

Next, in support of her objection to the magistrate judge's conclusion that the ALJ's final determination was not supported by substantial evidence, Glenn copied verbatim the lengthy summary of her medical record presented to the magistrate judge in her initial brief. *Compare* (ECF No. 27 at 10-18) *with* (ECF No. 17 at 9-18). Again, this objection merely repeats an argument made to the magistrate judge and, therefore, is essentially a failure to object. *Jesse S.*, 2019 WL 3824253, at *1; *Heffner*, 2017 WL 3887155, at *3. Furthermore, as the magistrate judge concluded, "Plaintiff is essentially asking the Court to reweigh the evidence with respect to these impairments, which is not within the province of this Court." (ECF No. 24 at 19). 667 F.3d 470, 472 (4th Cir. 2012)). "In reviewing for substantial evidence, [the court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Glenn has merely summarized the conflicting evidence in support of her argument that the ALJ's determination, in general and on the whole, was not supported by substantial evidence; she fails to point specifically to the magistrate judge's errors in this regard. Accordingly, the court overrules this objection.

### IV. Conclusion

Having conducted a thorough review of the entire record, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report and finds the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 24) and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

s/Timothy M. Cain
                                                                United States District Judge

September 9, 2019
Anderson, South Carolina